Justin C. Jones, Esq.
Nevada State Bar No. 8519
Nicole Lovelock, Esq.
Nevada State Bar No. 11187
**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, Nevada 89101
Telephone: (702) 805-8450
Fax: (702) 805-8451
Email: jjones@joneslovelock.com
Email: nlovelock@joneslovelock.com

*Attorney for Plaintiff*
*Michael Delgado*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL DELGADO, an individual; | CASE NO.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ARCADIA, INC., a California corporation; and DOES 1 through 100, inclusive; | |
| | **JURY TRIAL DEMAND** |
| Defendants. | |

Plaintiff Michael Delgado ("Plaintiff"), by and through his counsel of the law firm of Jones Lovelock, hereby complains and alleges against defendants and Does 1 through 100, inclusive, as follows:

## THE PARTIES

1.      Plaintiff is an individual that resides in Clark County, Nevada.

2.      Arcadia, Inc. ("Arcadia") is a corporation that was organized under the law of the State of California and operates in the State of Nevada.

3.      Plaintiff does not know the true names or capacities of Does 1 through 100, inclusive, and sues such defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible for and caused the damages herein alleged.  When Plaintiff ascertains the true names and capacities of Does 1 through 100, it will amend the Complaint accordingly.

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV 89101

**JURISDICTION**

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5.      Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

6.      Arcadia is a supplier of architectural building products that has locations across the nation, including one or more locations in Las Vegas, Nevada.

7.      Plaintiff was employed by Arcadia from June of 2008 until June 7, 2017 to fabricate building products at an Arcadia fabrication facility located at 4620 Andrews Street in North Las Vegas, Nevada ("North Las Vegas Facility").

8.      Plaintiff was employed on the shop floor as a fabricator and worked with other fabricators in the North Las Vegas Facility to fabricate building products.

9.      Plaintiff lacked independent authority and would carry out the direct orders of his supervisors, including Mark Knutson, the Branch Manager for Arcadia's North Las Vegas Facility.

10.      Plaintiff lacked independent decision-making power or influence over personnel decisions. When Plaintiff did make recommendations about personnel decisions to Mr. Knutson or other Arcadia supervisors, those recommendations were routinely ignored or disregarded.

**Arcadia Failed to Pay Plaintiff the Proper Overtime Pay**

11.      Plaintiff was not guaranteed a weekly salary, but was paid based upon the hours that he worked and/or the vacation and/or sick time he used.

12.      Plaintiff was required to provide, and did provide, the number of hours he actually worked each week to Arcadia.

13.      Arcadia was aware that Plaintiff worked in excess of forty (40) hours per week for the duration of his employment and often worked six days per week.

14.      For each pay period, Arcadia would issue Plaintiff a paycheck for work up to forty hours per week at his regular pay rate.

15.      At times, Arcadia would also issue Plaintiff a second paycheck for some or all of the hours Plaintiff worked in excess of forty hours per week; however, Arcadia failed to pay Plaintiff at

a rate not less than one and one-half times the regular rate at which he is employed for the hours that exceeded forty hours per week.

16.     At other times, Plaintiff would work well in excess of forty hours in a work week and did not receive any additional compensation even at his regular rate of pay.

**Arcadia Created a Hostile Work Environment in its Las Vegas Facility and Retaliated Against Plaintiff**

17.     Plaintiff is of Mexican descent and many of the other laborers in Arcadia's North Las Vegas Facility where he worked were of Hispanic descent.

18.     Arcadia's North Las Vegas Facility Branch Manager, Mr. Knutson, and other supervisors were non-Hispanic.

19.     Mr. Knutson would regularly make comments in the workplace that the Hispanic employees, without regard to their actual national origin, were "Mexican", "undocumented", and/or "illegal."

20.     Mr. Knutson also would regularly make comments to the effect that he and Arcadia could mistreat Hispanic employees because such Hispanic employees were too afraid to be "deported."

21.     Arcadia's Las Vegas Branch Manager made repeated and consistent offensive jokes to Plaintiff about Plaintiff being a "Mexican."

22.     Hispanic employees in Arcadia's North Las Vegas Facility were paid less than their non-Hispanic counterparts for the same work.

23.     Hispanic employees in Arcadia's North Las Vegas Facility had fewer opportunities to move to better positions than their non-Hispanic counterparts, both within Arcadia's North Las Vegas Facility and to other facilities.

24.     Hispanic employees were disciplined harsher than their non-Hispanic counterparts for the same offenses. For example, when two Hispanic employees, one of whom was off the clock, got into a brief altercation, Plaintiff intervened to remedy the situation, but Mr. Knutson summarily fired one of the Hispanic employees. Meanwhile, when a Caucasian employee was found with drugs on the premises, the Caucasian employee suffered no discipline.

25.     Plaintiff complained to his supervisors, including Mr. Knutson, about the mistreatment of Hispanic employees by Arcadia, including, but not limited to, the negative comments, ridicule, slurs, and mockery of Hispanic employees, the unequal pay of Hispanic employees compared to other non-Hispanic employees, the disproportionate discipline of Hispanic employees, and the refusal to allow Hispanics to have the same job opportunities as others.

26.     Despite Plaintiff's complaints about the mistreatment and disparate treatment of Hispanic employees in Arcadia's North Las Vegas Facility, Arcadia failed to take any effective remedial action to curb or stop the mistreatment of Hispanic employees.

27.     When Plaintiff made work-related requests regarding staffing and supplies to his superior, Mr. Knutson, the requests were frequently denied; when similar requests were made by Caucasian, non-Hispanic employees with similar job responsibilities, their requests were regularly granted by Mr. Knutson.

28.     In fact, as Mr. Knutson's racially-motivated hostility toward Plaintiff grew, Plaintiff was forced to ask Caucasian employees to make requests relating to staffing and supplies on his behalf.

29.     Following Plaintiff's complaints of the mistreatment and disparate treatment of Hispanic employees, Plaintiff was retaliated against and subject to adverse employment actions by Arcadia, including, but not limited to, harassment for trying to take time off to attend funerals of family members, unwarranted denial of work requests, and refusal of Plaintiff's request to be transferred to another facility to avoid further discrimination.

30.     Plaintiff's working conditions become so intolerable that he was compelled to resign on or about June 7, 2017.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207 *et seq.*)**

31.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

32.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce or in the production of goods for commerce, or are

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV89101

employed in an enterprise engaged in commerce or in the production of goods for commerce.

33.     Plaintiff and Arcadia are subject to the FLSA regulations regarding overtime pay.

34.     The FLSA provides that no employer shall employ any of its employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which the employee is employed.

35.     Arcadia failed to compensate Plaintiff for workweeks longer than forty hours at a rate not less than one and one-half times the regular rate at which Plaintiff was employed.

36.     Plaintiff did not qualify for any of the exemptions which would permit Arcadia to pay Plaintiff at a rate less than one and one-half times the regular rate at which Plaintiff was employed.

37.     At all relevant times hereto, Arcadia willfully, knowingly, purposefully, and improperly failed to pay Plaintiff overtime at the rate required pursuant to the FLSA.

38.     Arcadia is liable to Plaintiff in the amount of Plaintiff's unpaid overtime compensation and an additional, equal amount as liquidated damages.

39.     Pursuant to the FLSA, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### (Discrimination Based Upon National Origin, Race and Color (Title VII))

40.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

41.     Plaintiff is of Mexican descent and competently performed his work duties at Arcadia.

42.     Arcadia employees outside of Plaintiff's protected class were treated more favorably than Plaintiff and other employees within his protected class.

43.     Plaintiff was subject to egregious, degrading and bigoted insults against Mexicans, restrictions on his work schedule, constrains on his job duties, and working conditions so intolerable that he was forced to resign.

44.     Arcadia does not have legitimate, nondiscriminatory reason for said employment actions against Plaintiff and any claim of such would be pretext.

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV 89101

JONES LOVELOCK
400 S. 4th St., Ste. 500
Las Vegas, NV 89101

45.     Plaintiff suffered damages based upon Arcadia's unlawful employment acts.

**THIRD CLAIM FOR RELIEF**

**(Hostile Work Environment (Title VII))**

46.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

47.     Plaintiff was forced to work in an offensive and abusive environment at Arcadia because of his race.

48.     Plaintiff's work environment at Arcadia was laden with unwelcome, verbal intimidation, ridicule, and insult.

49.     The unwelcome, verbal insults at Arcadia were frequent and severe and ultimately humiliated Plaintiff.

50.     Plaintiff was subject to unwelcome, verbal conduct at Arcadia that was sufficiently severe or pervasive to alter the conditions of his employment.

51.     Plaintiff was subject to unwelcome verbal conduct at Arcadia that created a hostile and abusive work environment.

52.     Arcadia knew or reasonable should have known about the misconduct and failed to take prompt and effective remedial actions.

53.     Plaintiff suffered damages based upon the actions and inactions of Arcadia.

**FOURH CLAIM FOR RELIEF**

**(Retaliation (Title VII))**

54.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

55.     Plaintiff opposed Arcadia's unlawful employment acts by making internal complaints to Arcadia's management regarding the mistreatment of Hispanic employees.

56.     Based upon Plaintiff's engagement in protected activity, Plaintiff experienced adverse employment actions, including, but not limited to, being subject to egregious degrading and bigoted insults against Mexicans, restrictions on his work schedule, constrains on his job duties, and his working conditions become so intolerable that he was forced to resign.

57.     Plaintiff suffered damages based upon his opposition to Arcadia's unlawful employment acts.

### FIFTH CLAIM FOR RELIEF

**(Constructive Discharge)**

58.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

59.     As a result of Arcadia's pervasive discrimination and harassment, Plaintiff's working conditions deteriorated to the point where it was sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood at Arcadia.

60.     Plaintiff's work conditions at Arcadia became so intolerable that a reasonable person would leave the job.

61.     Plaintiff suffered damages based upon the actions and inactions of Arcadia.

### SIXTH CLAIM FOR RELIEF

**(Violation of NRS 613.330 *et. seq.*))**

62.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

63.     Plaintiff suffered discrimination at Arcadia based upon his race, national origin and color and he suffered adverse employment action based upon his opposition to unlawful employment acts.

64.     Plaintiff suffered damages based his opposition to Defendant's unlawful employment acts.

**WHEREFORE**, the Plaintiff prays for relief against Defendant as follows:

1.     A trial by jury on all issues;

2.     For an award of actual, compensatory, special, and statutory damages as allowed by law;

3.     For an award of punitive damages as allowed by law;

4.     For an award of costs and attorneys' fees as allowed by law;

JONES LOVELOCK
400 S. 4th St., Ste. 500
Las Vegas, NV 89101

5.   Prejudgment interest as allowed by law;

6.   For such other relief as this Court deems just and proper.

DATED this 25th day of May, 2018.

**JONES LOVELOCK**

By:   /s/ Justin C. Jones
Justin C. Jones, Esq.
Nevada State Bar No. 8519
Nicole Lovelock, Esq.
Nevada State Bar No. 11187
400 S. 4th St., Ste. 500
Las Vegas, Nevada 89101

*Attorneys for Plaintiff Michael Delgado*